UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MANUEL EUGENE SHOTWELL,

    Plaintiff,

v.

CHAVEZ-EPPERSON, et al.,

    Defendants.

No. C 15-2894 EDL (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, an inmate at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.[1] He has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the complaint is DISMISSED with leave to amend.

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 5.)

the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that from 2010 through 2012, Defendants violated his First Amendment right to send and receive mail; Defendants engaged in retaliation; and Defendants denied him access to the court.

Prison officials have a responsibility to forward mail to inmates promptly. *See Bryan v. Werner*, 516 F.2d 233, 238 (3d Cir. 1975). Allegations that mail delivery was delayed for an inordinate amount of time are sufficient to state a claim for violation of the First Amendment. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). Plaintiff's allegations that his incoming and outgoing mail oftentimes disappeared also implicates Plaintiff's First Amendment rights. Plaintiff alleges that non-inmates had been sending him mail, but Plaintiff was consistently not receiving them, or receiving them until after extraordinary delay. Liberally construed, Plaintiff has stated claims of a violation of the First Amendment.

However, for Plaintiff's claims of retaliation, "Within the prison context, a viable claim

2

of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under Section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). In addition, Plaintiff must allege must at least allege that he suffered harm, since harm that is more than minimal will almost always have a chilling effect. *Rhodes*, 408 F.3d at 567-68 n.11; *see Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000) (holding that a retaliation claim is not actionable unless there is an allegation of harm).

      Plaintiff has not stated facts sufficient to raise the right to relief above a speculative level for his retaliation claims. That is, for each assertion of retaliation, Plaintiff must "not simply recite the elements of a cause of action but must [proffer] sufficient . . . facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Here, there is no allegation of harm, or assertion that any of the alleged mail mishaps were performed "because of" Plaintiff' protected conduct, nor what that protected conduct is. Without such information, the complaint does not provide enough facts to state a claim for relief that is plausible on its face. Thus, Plaintiff's retaliation claims must be DISMISSED.

      Plaintiff's conclusory statement that defendants denied him access to the courts also does not state enough facts to raise his claim above the speculative level. Prisoners do have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350

(1996). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See id.* at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 354-55. Here, because Plaintiff seems to intimate that his right of access to the court is hindered by active interference by prison officials, Plaintiff may allege an actual injury if, as a result of the defendants' alleged actions, for example, a pending lawsuit had been dismissed. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1103-04 (9th Cir. 2011). As currently pled, Plaintiff's claim that he was denied access to the courts does not state enough facts to state a claim that is plausible on its face.

For the reasons stated above, Plaintiff's complaint is DISMISSED with leave to amend. Plaintiff's motion for permission to add claims and new defendants is GRANTED. Plaintiff must incorporate all his claims and Defendants in one comprehensive amended complaint. It may be helpful for Plaintiff to organize his amended complaint by separating out each particular claim and separately setting forth facts in support of each claim so that Plaintiff's statements and allegations are clearly defined.

Plaintiff is cautioned that he must link each Defendant to an action or inaction that actually and proximately caused the deprivation of a federally protected right. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013). Plaintiff must link Defendants' actions or inactions with Plaintiff's claims. He must "set forth specific facts as to each individual defendant's" actions which violated his or her rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

To the extent Plaintiff is attempting to impose supervisory liability on Chavez-Epperson, Plaintiff is cautioned that a supervisor may be liable under section 1983 upon a

4

showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). Plaintiff should keep in mind that where there is no evidence that the supervisor was personally involved or connected to the alleged violation, the supervisor may not be liable. *See Edgerly v. City and County of San Francisco*, 599 F. 3d 946, 961-62 (9th Cir. 2010).

For the above reasons, Plaintiff's complaint will be dismissed with leave to amend to provide the information specified above.

**C.    Motion to Appoint Counsel**

Plaintiff has moved for appointment of counsel. However, there is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as Plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Thus far, the issues are not complex. At this stage of the case, the Court cannot yet determine whether there is a likelihood of success on the merits, or whether Plaintiff can articulate his claims sufficiently. Therefore, at this time, the motion to appoint counsel will be denied without prejudice.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28)**

**days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original and supplemental complaints, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file an amended complaint within the designated time and in compliance with this order will result in the dismissal of this action.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket numbers 6 and 7.

**IT IS SO ORDERED.**

Dated: October 27, 2015.

ELIZABETH D. LAPORTE
United States Magistrate Judge

P:\PRO-SE\EDL\CR.15\Shotwell894dwla.wpd