IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL EUGENE SHOTWELL, | No. C 15-2894 WHA (PR) |
| Plaintiff, | **ORDER ON PENDING MOTIONS** |
| v. | |
| CHAVEZ-EPPERSON; AVILA; BEYER; BOLES; MEDINA; VARGAS, | (Dkt. 48, 49, 53, 57, 60, 62) |
| Defendants. / | |

Good cause appearing, Plaintiff's motion for an extension of time is **GRANTED** to and including **May 29, 2017**, in which to file an opposition to defendants' motion to dismiss. Defendants **shall** file a reply brief within **14 days** of the date this order is filed. No further extensions of time will be allowed.

Plaintiff's motion for appointment of counsel is **DENIED**. There is no right to counsel in a civil case, plaintiff is able to present his claims on his own, he has been granted generous time extensions to oppose defendants' motion, and there are no circumstances of this case that require plaintiff to have counsel. Should such circumstances arise, counsel will be appointed to represent plaintiff without plaintiff needing to request such appointment again.

Plaintiff has filed a motion to amend the amount of money requested for damages in his complaint. This motion is **DENIED** without prejudice. Plaintiff may amend his request for damages based upon any claims remaining after the motion to dismiss is resolved by filing a

motion for leave to file an amended complaint.

Plaintiff has also filed a motion for reconsideration of the Order of Service. In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment. Civil L.R. 7-9(a). No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. *Id*. The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *Id.* 7-9(b). Unless otherwise ordered by the court, no response need be filed to a motion under the Local Rule. *Id.* 7-9(c).

Plaintiff's motion for reconsideration violates Local Rule 7-9(a) because he has not sought or obtained leave of court to file such a motion. Nor does there appear from the motion to be grounds for granting him such leave. He argues his conspiracy claim was wrongly dismissed for failure to state a claim. His motion neither alleges material facts undiscoverable with due diligence nor sets forth legal authority undermining the finding that his conspiracy allegations are conclusory and insufficient. Plaintiff may raise any other challenges to the Order of Service in his opposition to the motion to dismiss, and defendants may respond to such challenges in their reply brief. The motion for reconsideration is **DENIED**.

The clerk shall **TERMINATE** the motion to compel in light of plaintiff's stipulation to withdrawing the motion.

**IT IS SO ORDERED.**

Dated: May   2   , 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE